NACHTIGALL, Petitioner v. ERICKSON, Respondent

(178 N.W.2d 198)

(File No. 10786. Opinion filed June 16, 1970)

**David V. Vrooman,** Sioux Falls, for petitioner.

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

HOMEYER, Judge.

On May 15, 1968, the petitioner, John Nachtigall, pleaded guilty in the circuit court of Minnehaha County to two counts of indecent molestation of a child, SDCL 22-22-7, and attempt to escape, SDCL 24-12-3. He was sentenced to the state penitentiary for a term of five years on each count of indecent molestation and to a term of one year in the county jail for attempted escape, all sentences to run concurrently.

In this habeas corpus proceeding petitioner contends that his guilty plea to the indecent molestation counts was not voluntary and asks that the judgment and sentence be reversed, his plea vacated, and that he be rearraigned.

The gist of petitioner's argument is that his court-appointed counsel, Robert L. Jones, informed him that the state's attorney would recommend a sentence of 18 months and Jones would recommend a sentence not exceeding one year; that petitioner felt the maximum sentence he would receive was 18 months and he was not told prior to his guilty plea and sentencing that the court had not been so informed or agreed to such sentence. If petitioner had so known he now says he would not have pleaded guilty. We hold the trial court did not err when it quashed petitioner's writ of habeas corpus.

Before proceeding with a discussion of petitioner's claims we deem it appropriate to review our decisions on guilty pleas and recent developments of the law in this area. Since 1913 South Dakota statutes have defined the duty of

the judge at the time of arraignment of an accused before permitting a guilty plea.[1]

In State v. Sewell, 69 S.D. 494, 12 N.W.2d 198, the court in discussing the statute said where a defendant unaided by counsel enters a guilty plea it should not be accepted without "painstaking explanation of the rights afforded the accused by law, and of the extreme consequences his plea may entail" and ascertainment that he "is acting with volition and understanding * * *." In State ex rel. Henning v. Jameson, 71 S.D. 144, 22 N.W.2d 731, in a habeas corpus proceeding, we held a trial court was without jurisdiction to accept a guilty plea without advising the accused of his constitutional rights, Constitution of South Dakota, Art. VI, § 7, where he was not represented by counsel. See also State ex rel. Warner v. Jameson, 77 S.D. 340, 91 N.W.2d 743.

On the other hand, where the accused was represented by counsel in proceedings before a guilty plea was entered and had consulted freely with his attorney "about the charges against him and his constitutional rights" a failure of the sentencing judge to follow the statute or advise him of his constitutional rights did not make the plea of guilty involuntary or deny him due process. State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441. See also State ex rel. Parker v. Jameson, 75 S.D. 196, 61 N.W.2d 832 and State ex rel. Pekarek v. Erickson, 83 S.D. 79, 155 N.W.2d 313.

In Application of Dutro, 83 S.D. 168, 156 N.W.2d 771, a habeas corpus proceeding, we distinguished State ex rel. Henning v. Jameson, supra, and held that where a defendant appeared with counsel it is presumed that the defendant had been informed of his constitutional rights by his counsel and

---

1. S.L. 1913, Ch. 161, § 2; R.C. 1919, § 4741; SDC 1939 & 1960 Supp. § 34.2302; SDCL 23-35-19: "Upon the arraignment of such person and before permitting an entry of the plea of guilty, it shall be the duty of the judge before whom the accused may be brought to fully advise such person of his rights in the premises, and if it appears to the satisfaction of such judge that the accused has been regularly held to answer upon the offense charged and is acting of his own free will and accord in the matter, such judge shall thereupon receive such plea of guilty of the offense charged in the information."

it is not necessary for the court to advise him of such rights before the guilty plea is entered. We there said the defendant "freely and voluntarily in the presence of competent counsel admitted his guilt. This he was privileged to do. * * * There is no showing whatsoever that the plea of guilty was induced by fear, misrepresentation, trickery, deception, duress or coercion. If it was established that a plea was so induced, it would be void as a violation of due process and would undermine the jurisdiction of the court and be open to collateral attack."

In a recent case, Boykin v. Alabama (June 2, 1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274,[2] the United States Supreme Court said that a plea of guilty is more than an admission of conduct. When properly accepted, it is a conviction and nothing remains but to give judgment and determine punishment. The opinion of the court clearly holds that it is error to accept a guilty plea without an affirmative showing that it was intelligent and voluntary. If it is not intelligent and voluntary it has been obtained in violation of due process and is void. For a guilty plea to be intelligent consideration must be given to the fact that a waiver takes place when it is entered. The court's opinion states, 395 U.S. 243, 244, 89 S.Ct. 1709, 1712, 23 L. Ed.2d 274:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of

2. **Boykin** is considered by many courts as making Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. p. 557 as interpreted by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, applicable to the state courts. Ernst v. State, 43 Wis.2d 661, 170 N.W.2d 713. Rule 11 reads: "A defendant may plead not guilty, guilty or, with the consent of the court, **nolo contendere.** The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of **nolo contendre** without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there **is a** factual basis for the plea."

guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * * and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

The court's thinking is further manifested by footnote 7 in **Boykin** where it quotes with approval advice given the bench and bar of Pennsylvania in Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196, at page 197:

"A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences."

In analyzing **Boykin,** the California court in In re Tahl 1 Cal.3d 122, 81 Cal. Rptr. 577, 584, 460 P.2d 449, 456, wrote:

128

"This does not require the recitation of a formula by rote or the spelling out of every detail by the trial court. It does mean that the record must contain on its face direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant. Because mere inference is no longer sufficient, the presence of an attorney cannot alone satisfy these requirements; as noted, the defendant in Boykin was represented by counsel."

■ For many years South Dakota courts by virtue of the statute and our decisions interpreting the statute have been to a large extent conforming to many of the requirements of **Boykin** in accepting guilty pleas. Nevertheless, it is now settled as a principle of the constitutional law that a plea of guilty cannot stand unless the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in **Boykin**—self-incrimination, confrontation and jury trial—and an understanding of the nature and consequences of the plea. South Dakota judges can no longer assume that an accused represented by counsel has been informed of such matters and the judge must actively participate by "canvassing the matter with the accused". A silent record is not sufficient.

■ In our opinion **Boykin** should be given prospective application only; i.e., applicable to guilty pleas entered after June 2, 1969. Before Boykin the United States Supreme Court in Halliday v. United States, (May 5, 1969) 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, held that McCarthy v. United States, supra, decided on April 2, 1969, should be applied prospectively only. Reasoning that **Boykin** merely made McCarthy applicable to the states, most courts have given **Boykin** prospective application citing **Halliday** as precedent. See In re Tahl, supra; Ernst v. State, supra; Crego v. State, Mo., 447 S.W. 2d 550; State v. Griswold, 105 Ariz.1, 457 P.2d 331; Montanye v. State, 7 Md. App. 627, 256 A.2d

706; Child v. State, Me., 253 A.2d 691; Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923; Hall v. Alabama, 45 Ala. App. 252, 228 So.2d 863.

We now turn to petitioner's contention that his guilty plea was involuntary. To determine this question the trial court conducted an evidentiary hearing. This was in accord with suggested practice in Halliday v. United States, supra, where the court indicated that in post-conviction proceedings the voluntariness of a guilty plea made before **Boykin** could be determined. At this hearing petitioner testified, as did Jones, and the deputy state's attorney who was in charge of the prosecution. Files and transcripts of the proceedings incident to the guilty pleas were also received as evidence.

When the guilty plea was entered the accused and his lawyer and the deputy state's attorney were present. Also present was a second court-appointed lawyer who represented the defendant on a pending charge of obtaining money under false pretenses. The information charging two counts of indecent molestation was read and a copy delivered to the accused's lawyer. The lawyer was asked if he had advised the accused of his constitutional rights and he responded affirmatively and said he was satisfied that he understood those rights. Nevertheless, the court again advised petitioner in detail of the three constitutional rights enumerated in **Boykin** and then said: "Do you understand these rights?" He replied "Yes, Your Honor". Then followed this further dialogue:

> "THE COURT: The Court will inform you of the nature and cause of the accusation against you. You are charged, in the first Information, with two counts of Indecent Molestation, contrary to South Dakota Code 13.1727. Each count, of course, is a felony under the laws of this State, and punishable by imprisonment in the State Penitentary. The possible penalty which could be given you on each of these counts is not more than 20 years in the South Dakota State Penitentiary. * * * Now, do you understand the charges against you, and the possible penalties?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Now, have any threats or promises been made to get you to enter a plea to these charges today?

THE DEFENDANT: No, Your Honor.

THE COURT:  There's been no promise as to what sentence you would receive if you were to enter a plea today?

THE DEFENDANT:  No, Your Honor.

THE COURT:  So it would be of your own free will and accord, is that right?

THE DEFENDANT.  What was the question again?

THE COURT:  And this would be of your own free will and accord?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  This Court finds that this defendant has been regularly held to answer the charges contained in the Informations; that he is represented by competent counsel; that he has been informed by counsel and Court of his Constitutional and statutory rights, and understands those rights; that he understands the nature and cause of the accusation against him, and the possible penalties, and is competent to enter a plea in this Court; that he is not acting under duress, but is acting of his own free will.  The Court is, at this time, ready to receive the defendant's pleas.  Is the defendant, at this time, ready to enter a plea to the charges as set forth in the Informations?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  What is your plea to Count One of the first Information, the charge of Indecent Molestation upon Nelda Williams?

THE DEFENDANT: Guilty.

THE COURT: The defendant's plea of guilty to the charge contained in Count One of the Information, Indecent Molestation upon one Nelda Williams is received."

Then followed acceptance of a guilty plea to the second count of indecent molestation and the guilty plea to attempted escape.

It further appears from the transcript that the deputy state's attorney then related the circumstances of the crimes and referred to a report from the Yankton State Hospital, where on his own request petitioner had been sent for an examination of his mental condition, which indicated some character problems. Jones, the accused's lawyer, addressed the court and related discussing the report with the accused and that he "felt that the recommendation of the State Hospital was correct—that he needed some disciplinary action —" and recommended a penitentiary sentence of one year. After this the deputy state's attorney said:

"MR. WEISENSEE: Your Honor, if I may, I would like to say one more thing. Calling the Court's attention to the report from the State Hospital—this is a quote: 'There are no feelings of remorse.' This report is dated May 10, 1968. If that is the case, it would seem to me that under the statute which allows an indeterminate sentence, permitting the persons on the Board of Pardons and Paroles to establish the sentence within the sphere that the Court sets out, or within certain limitations which the Court set out—I think they range up to 20 years— that for the good of all concerned, including society and the defendant, himself, perhaps this should be an indeterminate sentence."

The charge of obtaining money under false pretenses was then dismissed and the sentences mentioned supra were imposed. After more colloquy the defendant concluded by saying "Thank you, Your Honor".

Against this record the petitioner testified at the evidentiary hearing that his lawyer had told him that the state's attorney would not recommend more than a year to 18 months and that he would not have pleaded guilty if he was "going to get more than 18 months" and that because the state's attorney recommended an indeterminate sentence instead of a penitentiary sentence of 18 months his plea was involuntary.

We have carefully reviewed the testimony given at the evidentiary hearing. The memories of both Jones and the deputy state's attorney are "murky" as to what occurred. It appears to us that the conversations between these two men with reference to the disposition of this case was nothing more than the usual discussion of possible sentences which a first offender might expect in a sex offense case contingent on a favorable psychiatric report. It falls far short of a plea bargain or what might be reasonably considered as necessary to establish fraud, duress, or coercion voiding a guilty plea because it lacked voluntariness. Application of Dutro, supra. Both counsel conferred with the court before sentencing; however, there is no suggestion that the court agreed to any sentence. Although he had some difficulty in recalling the event, the deputy state's attorney testified he was certain he violated no promise or agreement and Jones seemingly concurred.

■ After hearing testimony and weighing it against the written record the court found and concluded that petitioner's plea of guilty was entered freely and voluntarily without promise or agreement as to sentence. The record amply supports this determination. See Holt v. United States, 7 Cir., 329 F.2d 368.

■ This court has repeatedly said that it would not upset factual findings of the lower court unless contrary to a clear preponderance of the evidence. Nicolaus v. Deming, 81 S.D. 626, 139 N.W.2d 875; McMullen v. State, 84 S.D. 538, 173 N.W.2d 499. The burden of proof was upon the petitioner to show that the guilty plea was involuntary and that his constitutional rights had been violated. State v. Brech, 84 S.D. 177, 169 N.W.2d 242; State v. Roth, 84 S.D. 44, 166 N.W.

2d 564. Petitioner's conclusory assertion that he would not have entered the plea of guilty had he known the sentence would exceed 18 months did not require the court on the record before us to find that his guilty plea was involuntary and to vacate such plea. See State v. Lindsey, Iowa, 171 N.W.2d 859 and Brady v. United States, decided on May 4, 1970, 397 U.S.—90 S.Ct. 1463, 25 L.Ed.2d 747.

Affirmed.

RENTTO, HANSON and BIEGELMEIER JJ., concur.

ROBERTS, P.J., not participating.