**Application of John NACHTIGALL for a Writ of Habeas Corpus.**

**Civ. No. 70–139S.**

United States District Court,
D. South Dakota, S. D.

March 8, 1971.

Frank P. Gibbs, Sioux Falls, S. D., for petitioner.

Roger A. Schiager, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for the State.

### MEMORANDUM DECISION

NICHOL, Chief Judge.

On May 15, 1968, petitioner, John Henry Nachtigall, was arraigned in Circuit Court for the Second Judicial Circuit of South Dakota on two counts of indecent molestation and one count of attempted escape. He entered a plea of guilty to each of the three counts and received a sentence of five years on each of the first two counts and one year on the third count. The sentences, in accordance with the court's order, commenced to run concurrently.

---

3. See, e. g. the Office of Economic Opportunity's Guidelines for Legal Services p. 20.

On October 23, 1969, petitioner instituted state habeas corpus proceedings challenging the validity of his guilty pleas. Evidentiary hearings were held in Circuit Court for the Second Judicial Circuit of South Dakota on November 5th and November 21st of 1969. The petition for habeas corpus relief was denied by the circuit court on December 2, 1969. Habeas corpus proceedings were then commenced in the Supreme Court of South Dakota; relief was denied on June 16, 1970. Nachtigall v. Erickson, S.D., 178 N.W.2d 198 (1970).

Petitioner has now filed a petition with this court seeking federal habeas corpus relief. His contention, as it was in the state court proceedings, is that the guilty pleas were invalid for the following reasons: (1) that the plea was induced by a promise and therefore involuntary, and (2) that the state's attorney failed to recommend an eighteen month sentence as he had agreed to do.

At the evidentiary hearings in circuit court testimony by petitioner, Robert Jones—petitioner's court appointed attorney—and George Weisensee—the deputy state's attorney who represented the state at the arraignment—was received. Petitioner testified that at the time he entered the guilty pleas in question he understood that the state's attorney would recommend a sentence of from one year to eighteen months. He also testified that his understanding of the arraignment proceedings was hampered because he was upset by the presence of the mother of the minor children involved and an attorney who had represented his wife in a divorce suit.

Jones and Weisensee expressed a limited recollection of the events in question. Both agreed in their testimony that some plea-bargaining had taken place and that neither of them were of the opinion at the time of sentencing or subsequent thereto that Weisensee's recommendation of an indeterminate sentence was a breach of a prior agreement. Jones testified that at one time an eighteen month sentence recommendation had been agreed upon and that he had conveyed this information to his client. He testified that on the day of the arraignment some discussion of the proposed eighteen month recommendation took place between the attorneys and the court. Jones recalled that the court expressed the intention not to go along with the eighteen month recommendation and felt that this was the reason that the agreement was called off. He was uncertain whether he conveyed this information to petitioner but felt that he had told him that the court would not go along.

At the hearing before this court petitioner's counsel stressed the limited educational background of the petitioner. He contended that things happened so fast at the arraignment that petitioner did not understand that the agreement was off because the judge would not go along with it.

The record reflects that the circuit judge fully explained to petitioner at the time of arraignment his constitutional rights and the nature of and penalties for the violations charged. In response to questions by the court, petitioner indicated that his plea of guilty was not induced by any promise and was completely voluntary.

The circuit court, in ruling on the petition for habeas corpus relief, found that petitioner's guilty plea "was entered freely and voluntarily, without promise or agreement as to sentence." The transcript of the evidentiary proceedings demonstrates that the circuit judge placed emphasis on the petitioner's indication at arraignment that no promises had been made. The circuit judge also pointed to the uncertainty of the testimony as to what had taken place during the plea-bargaining in reaching the conclusion that a sufficient factual basis for granting habeas corpus relief had not been established.

 It is incumbent upon the petitioner to establish by convincing evidence that the factual determination by the state court in the habeas corpus proceedings was in error. 28 U.S.C.A. § 2254; In Re Parker, 423 F.2d 1021

(8 Cir. 1970). This burden has not been sustained. The recorded indication by the petitioner at the time of arraignment that his plea was voluntary and not induced by any promises is certainly entitled to great weight as compared to the uncertain recollections of the participants to the unrecorded plea-bargaining. Both defense counsel and the then assistant state's attorney agreed that there was no feeling on their part at the time of sentencing that any agreement had been breached. Petitioner did not challenge the validity of his plea until the state court habeas corpus proceedings were commenced more than a year after the plea was entered.

There is no contention raised that the state habeas corpus proceedings were not full, fair and adequate. This court finds to the contrary. Petitioner had the assistance of counsel at all stages of the habeas corpus proceedings. The petition for federal habeas corpus relief is denied. This memorandum decision shall constitute the findings of fact and conclusions of law.