**Sheila Marie HINMAN, Plaintiff
and Appellant,**

v.

**Robert Alan HINMAN, Defendant
and Appellee.**

**No. 16084.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1989.

Decided July 12, 1989.

Karen L. Crew of Crew & Crew, Sioux Falls, for plaintiff and appellant.

Lee R. Burd, Sioux Falls, for defendant and appellee.

SABERS, Justice.

Sheila Hinman (Sheila) appeals a divorce decree granting physical custody of the minor children to Robert Hinman (Robert). The case is controlled by statutory construction of SDCL 15–6–63 and we do not reach the merits of the custody determination.

PROCEDURAL FACTS

Sheila claims that it was improper for Circuit Judge Kean to enter findings of fact and conclusions of law because he did not hear the evidence at trial and was unfamiliar with the case. Judge Heuermann tried the case and decided it from the bench. However, he became ill within two weeks after the trial and was hospitalized prior to signing findings of fact and conclusions of law. Sheila filed a motion for reconsideration of Judge Heuermann's decision. Before the motion was heard, Sheila submitted findings of fact and conclusions of law to Judge Heuermann, who was still hospitalized. After Robert submitted proposed findings of fact and conclusions of law, Sheila scheduled a hearing on the motion for reconsideration before Judge Amundson. Robert objected to this hearing and requested Judge Kean, presiding judge of the circuit, to enter findings of fact and conclusions of law. After reviewing the transcript and Judge Heuermann's decision and comments, Judge Kean signed Robert's proposed findings of fact and conclusions of law and entered a judgment. Sheila argues that Judge Kean's actions were contrary to SDCL 15–6–59 which requires that findings of fact and conclusions of law be based on the record in its entirety and that Judge Kean could not take any action on the case until after findings of fact and conclusions of law had been filed by Judge Heuermann under SDCL 15–6–63.

DECISION

Sheila argues that under SDCL 15–6–63 Judge Kean could not enter a judgment in this case since Judge Heuermann had not yet issued findings of fact and conclusions of law. SDCL 15–6–63 provides for disability of a judge:

If by reason of death, sickness, or other disability ... a judge before whom an action has been tried is unable to perform the duties to be by him performed *after* a verdict is returned or *findings of fact and conclusions of law are filed,*

then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties[.] (emphasis added).

The key language in SDCL 15–6–63 is "... after a verdict is returned or findings of fact and conclusions of law are filed...." Whether the findings of fact and conclusions of law entered by Judge Kean follow Judge Heuermann's comments at the completion of the evidence is immaterial under SDCL 15–6–63. There simply is no statutory authority for Judge Kean to act because the findings of fact and conclusions of law had not previously been filed as required by SDCL 15–6–63. Under the statute, the findings of fact and conclusions of law should have been signed by Judge Heuermann. A successor judge has no authority to render a decision in a case where he has not heard the testimony, unless the parties so stipulate. *Reinhold v. Fee Fee Trunk Sewer, Inc.,* 664 S.W.2d 599 (Mo.Ct.App.1984); *Smith v. Smith,* 558 S.W.2d 785 (Mo.Ct.App.1977). The Supreme Court of Hawaii reached the same conclusions in interpreting Hawaii's counterpart to SDCL 15–6–63. *In re Death of Elwell,* 66 Haw. 598, 670 P.2d 822 (1983); *see also Miller v. Heirs of Hiwauli,* 716 P.2d 161 (Haw.1986).

Finally, we note that Judge Heuermann returned to his duties in time to sign an order waiving bond in Sheila's appeal. There appears to have been no great haste or need for Judge Kean's signature in this case. Judge Heuermann could have signed findings of fact and conclusions of law while he was in the hospital or when he returned to his duties. Absent his signature or an appropriate stipulation by the parties, the case must be reversed and remanded.

All the Justices concur.