#25833-a-GAS

**2011 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,            Plaintiff and Appellee,

v.

WILLIAM E. JENSEN,            Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JOHN J. DELANEY
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

SHERRI SUNDEM WALD
Deputy Attorney General
Pierre, South Dakota            Attorneys for plaintiff
and appellee.


JOHN R. MURPHY
Rapid City, South Dakota            Attorney for defendant
and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MAY 23, 2011

OPINION FILED **06/29/11**

#25833

SEVERSON, Justice

[¶1.] William Jensen was charged with fourth offense driving under the influence. He filed a motion to strike one of his three prior driving under the influence convictions. Jensen argued that because the magistrate court relied on a statement-of-rights form to establish the voluntariness of his guilty plea, that prior conviction is invalid for sentence-enhancement purposes. The trial court denied Jensen's motion to strike, concluding that the statement-of-rights form was an adequate record of voluntariness. We affirm.

## Background

[¶2.] On April 2, 2010, Rapid City Police Officer Eric Holmquist stopped Jensen at approximately 12:16 p.m. on suspicion of driving under the influence. When Officer Holmquist initiated contact with Jensen, he detected the odor of alcohol. Jensen denied drinking that morning but admitted that he drank a pint of whiskey the night before. When Jensen failed a field sobriety test, Officer Holmquist determined that Jensen had been driving under the influence and arrested him. A subsequent blood test revealed that Jensen's blood alcohol level was 0.267 percent.

[¶3.] In May 2010, a Pennington County grand jury indicted Jensen on alternative counts of driving under the influence.[1] The State then filed a Part II Information, asserting that Jensen was convicted of driving under the influence in

---

1.  The grand jury charged both driving under the influence, a violation of SDCL 32-23-1(2), and driving under the influence by 0.08 percent or more by weight of alcohol in the blood, a violation of SDCL 32-23-1(1).

January 2008, July 2006, and December 2000. Because these prior convictions occurred within ten years of the charged offense, the Part II Information alleged a fourth offense driving under the influence charge, a class five felony punishable by a term of five-years imprisonment in the state penitentiary, a $10,000 fine, or both.

[¶4.] Jensen pleaded guilty to a second offense driving under the influence charge in April 2006.[2] Before the plea hearing, Jensen signed a statement-of-rights form. The form included the statement that "[n]o promises nor threats have been made to me to induce me to sign this waiver and to plead to the charge made against me. I am entering this plea voluntarily and of my own free will." At the hearing, the magistrate court advised Jensen of his statutory and constitutional rights, including the right to counsel, the right to a speedy, public jury trial in the county in which the offense occurred, the right to compulsory process, the right to confront witnesses, the right to remain silent, and the right to a preliminary hearing. The magistrate court also explained the presumption of innocence and advised Jensen of the maximum penalty for a second offense driving under the influence conviction.

[¶5.] Before Jensen entered his guilty plea, the following colloquy took place:

COURT: William Jensen.

D'S ATTY: Your Honor, the defendant would like to enter a plea today.

COURT: All right. Is there any plea agreement here?

D'S ATTY: Yes, there is.

---

2. Jensen pleaded guilty in April 2006, but the magistrate court entered the judgment of his conviction in July 2006.

STATE: To a standard second offense.

COURT: Okay. And then the other charge will be dismissed?

D'S ATTY: That is correct.

COURT: All right. Okay, I'll have the record reflect then the State has filed an Information and Information Part II. And, counsel, has Mr. Jensen had an opportunity to sign and review the Statement of Rights form?

D'S ATTY: Yes, Your Honor.

COURT: Okay. Thank you. Mr. Jensen, I've reviewed the Statement of Rights form here. Now, I see your signature on the bottom. So you've read the document?

JENSEN: Yes, sir.

COURT: Then you understand what you've read?

JENSEN: Yes.

COURT: Now, you know that if you plead guilty that you give up the rights you've read about and you have been advised of in the past, and that includes the right to a jury trial in Fall River County. You understand there is not going to be a trial?

JENSEN: Yes.

COURT: Giving up the trial, you give up the right to see, hear, or ask questions of the State's witnesses. Do you understand that?

JENSEN: Yes.

COURT: Okay. You give up the right to be silent. If I – if I asked you what happened back here in March you have to answer any questions, right?

JENSEN: Yes.

COURT: Okay.

The magistrate court then questioned Jensen to establish a factual basis. It concluded: "I'll also have the record reflect the Court has reviewed the reports submitted by [the arresting officer] and based upon that, your statements, I find a factual basis to support the plea and voluntary waiver of rights."

[¶6.] Jensen filed a motion to strike his prior 2006 conviction. Because the magistrate court relied on a statement-of-rights form to establish the voluntariness of his guilty plea, Jensen argues that the conviction is invalid for sentence-enhancement purposes. The trial court denied Jensen's motion to strike, concluding that the statement-of-rights form was an adequate record of the voluntariness of his plea. After a trial on stipulated facts in November 2010, the trial court found Jensen guilty of fourth offense driving under the influence and sentenced him to serve a term of four-years imprisonment in the state penitentiary. Jensen appeals.

## Analysis and Decision

[¶7.] Jensen argues that his prior driving under the influence conviction is invalid for sentence-enhancement purposes because the magistrate court relied on a statement-of-rights form to establish the voluntariness of his guilty plea. A conviction based on a plea that was not knowingly and voluntarily entered cannot be used to enhance a sentence under the habitual-offender statutes. *Stuck v. Leapley*, 473 N.W.2d 476, 477 (S.D. 1991) (citing *State v. King*, 383 N.W.2d 854, 856 (S.D. 1986); *In re Application of Garritsen*, 376 N.W.2d 575 (S.D. 1985)). Jensen is not contending that he is innocent of the prior conviction but is instead seeking to

deprive it of its normal force and effect for sentence-enhancement purposes. *See State v. Moeller*, 511 N.W.2d 803, 809 (S.D. 1994).

[¶8.]      Because Jensen challenges the validity of a prior conviction, this case is a collateral attack of a predicate conviction. *See id.* We have previously described the standard of review for collateral attacks:

> Upon a direct appeal from a conviction[,] the defendant must be given all presumptions and protections possible under our [C]onstitution. However, when the proceeding before the court is in the nature of a collateral attack, as in a habeas corpus action or a challenge to the validity of predicate convictions, it becomes subject to less intense scrutiny upon review.

*State v. Goodwin*, 2004 S.D. 75, ¶ 4, 681 N.W.2d 847, 849 (emphasis omitted) (quoting *Moeller*, 511 N.W.2d at 809).

[¶9.]      We have also set forth a system of shifting burdens in a collateral attack of a predicate conviction. A "defendant has the initial burden of placing the validity of the prior conviction[ ] in issue." *Stuck*, 473 N.W.2d at 478 (relying on *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir. 1989); *United States v. Dickens*, 879 F.2d 410 (8th Cir. 1989)). When a defendant raises the issue by a motion to strike or other appropriate means, the burden shifts to the State to prove "the existence of [a] prior valid conviction[ ] by a preponderance of the evidence." *Id.* at 478-79 (emphasis omitted) (citation omitted). The State meets this burden by presenting a document that "appears on its face to be a valid judgment." *Moeller*, 511 N.W.2d at 809. If the State meets its burden, the presumption of regularity arises and the burden shifts to the defendant to show that the prior conviction is invalid. *Id.* at 809-10 (citing *State v. King*, 400 N.W.2d 878, 879 (S.D. 1987)). Because the State

presented a document that appears to be a valid judgment of conviction, Jensen

bears the burden of demonstrating that his 2006 conviction is invalid.

*Requirements of SDCL Chapter 23A-7*

[¶10.]        Jensen first argues that his prior conviction is invalid for sentence-

enhancement purposes because the magistrate court did not follow the procedure

set forth in SDCL chapter 23A-7 to establish the voluntariness of his guilty plea.

SDCL 23A-7-5 describes the process to establish voluntariness:

> A court, except as provided in this section, shall not accept a
> plea of guilty or nolo contendere without first, by addressing the
> defendant personally in open court, determining that the plea is
> voluntary and not the result of force or threats or of promises
> apart from a plea agreement.  It shall also inquire as to whether
> the defendant's willingness to plead guilty or nolo contendere
> results from prior discussions between the prosecuting attorney
> and the defendant or his attorney.[3]

SDCL 23A-7-15 further provides:

> A verbatim record of the proceedings at which a defendant
> enters a plea shall be made and, if there is a plea of guilty or

---

3.    SDCL 23A-7-5 contains an exception to the requirement that a court
personally address a defendant to establish voluntariness:

> If a defendant is charged with a misdemeanor, his attorney may
> enter a plea of guilty, nolo contendere, or not guilty for him.  The
> court shall inquire into whether the attorney has advised the
> defendant of the contents of § 23A-7-4.  If the court is satisfied
> that the defendant has been advised, the plea may be accepted.
> If the plea is guilty or nolo contendere, sentence may be imposed
> at that time and is binding upon the defendant.

The State argues that invalidating Jensen's prior conviction because the
magistrate court did not personally address him to establish the
voluntariness of his guilty plea would render this exception meaningless.  We
disagree.  When a defendant is not present, SDCL 23A-7-5 requires that the
magistrate court establish voluntariness by questioning the defendant's
attorney.

> nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the factual basis of a guilty plea. A verbatim record of a proceeding at which a defendant enters a plea to a misdemeanor need not be taken unless requested by the prosecuting attorney or the defendant.

Jensen contends that his prior conviction is invalid because the magistrate court did not personally address him on the record, as chapter 23A-7 requires, to establish voluntariness.

[¶11.] Our review of a collateral attack of a predicate conviction is limited to jurisdictional errors. *Monette v. Weber*, 2009 S.D. 77, ¶ 6, 771 N.W.2d 920, 923 (quoting *Owens v. Russell*, 2007 S.D. 3, ¶ 6, 726 N.W.2d 610, 614-15). "In criminal cases, a violation of [a] defendant's constitutional rights constitutes a jurisdictional error." *Id.* (citation omitted). The United States Constitution does not mandate that courts follow the procedure embodied in chapter 23A-7. *State v. Miller*, 2006 S.D. 54, ¶ 17, 717 N.W.2d 614, 620 (citing *McCarthy v. United States*, 394 U.S. 459, 465, 89 S. Ct. 1166, 1170, 22 L. Ed. 2d 418 (1969)). Rather, the procedure is a safeguard "designed to assist the courts with making the constitutionally[-]required determination that a defendant's guilty plea is voluntary and knowing, and to produce a complete record" of that determination. *Id.* (citation omitted). Because failure to follow the procedure is not a constitutional defect, a collateral attack on a predicate conviction on that basis is only proper for our consideration if a defendant can demonstrate prejudice. *Brakeall v. Weber*, 2003 S.D. 90, ¶ 11, 668 N.W.2d 79, 83 (citing *United States v. Timmreck*, 441 U.S. 780, 783-84, 99 S. Ct. 2085, 2087, 60 L. Ed. 2d 634 (1979)).

[¶12.] Jensen has not argued that his guilty plea was involuntary. He only challenges the magistrate court's reliance on the statement-of-rights form to establish the voluntariness of his plea. Yet he indicated at his plea hearing that he read, signed, and understood the statement-of-rights form, which contained questions about voluntariness. On this record, Jensen did not demonstrate that the magistrate court's failure to personally canvass him to establish voluntariness made any difference in his decision to plead guilty. *See id.* Because Jensen has not demonstrated prejudice, his challenge to his prior driving under the influence conviction for failure to follow the procedure set forth in chapter 23A-7 is not proper for our consideration. *See id.*

*Constitutional Due Process*

[¶13.] Jensen next argues that his prior conviction is invalid for sentence-enhancement purposes because the magistrate court's reliance on the statement-of-rights form to establish the voluntariness of his guilty plea violated his due process rights. In *Boykin v. Alabama*, the United States Supreme Court recognized that a guilty plea is more than an admission of conduct; it is a conviction. 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-12, 23 L. Ed. 2d 274 (1969) (citing *Kercheval v. United States*, 274 U.S. 220, 223, 47 S. Ct. 582, 583, 71 L. Ed. 1009 (1927)). A defendant waives several important federal constitutional rights when he enters a guilty plea, including the right to remain silent, the right to a jury trial, and the right to confront witnesses. *Id.* at 243, 89 S. Ct. at 1712 (citations omitted). "We cannot presume a waiver of these . . . important federal rights from a silent record." *Id.* Therefore, "[t]he record must *affirmatively show* [that] the plea was voluntary, that

the defendant understood the consequences of pleading guilty, and that the defendant explicitly waived" those rights. *Monette*, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 925 (citation omitted).

[¶14.] We have stressed that a judge has a duty to personally canvass a defendant to establish the voluntariness of his guilty plea:

> The importance of canvassing the defendant when he enters a guilty plea is vital. For it is at this juncture that the defendant waives his rights and needs to understand the consequences of his plea. Shortcutting the procedure when accepting a guilty plea leaves a question about the defendant's mental state and understanding. That is why courts have consistently emphasized the importance of the trial court's dialogue with the defendant in order for the court to satisfy itself that the defendant understands what is at stake and the rights he is relinquishing.

*Goodwin*, 2004 S.D. 75, ¶ 10, 681 N.W.2d at 852. The record must in some manner show that a defendant entered his plea intelligently and voluntarily. *State v. Apple*, 2008 S.D. 120, ¶ 10, 759 N.W.2d 283, 287 (citing *State v. Beckley*, 2007 S.D. 122, ¶ 10, 742 N.W.2d 841, 844).

[¶15.] We recently addressed whether a statement-of-rights form is an adequate record of the voluntariness of a defendant's guilty plea. In *Monette*, the sentencing court did not inquire whether Monette's no contest plea was coerced or influenced by threats or promises. 2009 S.D. 77, 771 N.W.2d 920. Although Monette signed a statement-of-rights form three days before the plea hearing, we did not believe that form alone was an adequate record of voluntariness:

> We do not ignore that Monette signed a declaration of intent and an advisement of rights three days prior to the change of plea hearing. . . . However, the documents were neither presented to the sentencing court nor were the provisions relating to the voluntariness of the plea read on the record or inquired into by

> the sentencing court. Furthermore, nothing in the record indicates the sentencing court read or relied upon these documents before accepting Monette's plea. Thus, the documents could not provide a basis for the sentencing court to determine, at the time Monette entered his no contest plea, that he was doing so voluntarily and that he was not coerced.

*Id.* ¶ 15 n.2. Because the sentencing court made no inquiry to determine whether Monette's plea was coerced, we ultimately held that the record failed to establish voluntariness. *Id.* ¶ 15.

[¶16.] Yet this case is distinguishable from *Monette*. Nothing in the record indicated that the sentencing court in *Monette* read or relied upon the statement-of-rights form before accepting Monette's guilty plea. *Id.* ¶ 15 n.2. But here, the magistrate court read and reviewed the statement-of-rights form. And the court specifically asked Jensen whether he read, signed, and understood the form, which contained questions regarding voluntariness, before accepting his plea. Thus, we believe the record in some manner shows that Jensen entered his plea voluntarily. *See Apple*, 2008 S.D. 120, ¶ 10, 759 N.W.2d at 287 (citation omitted). While the magistrate court's practice in this case certainly does not embody a model performance standard as it opens Jensen's guilty plea to questions regarding voluntariness, Jensen has not demonstrated that the failure to personally canvass him to establish the voluntariness of his plea violated his due process rights.

[¶17.] Affirmed.

[¶18.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, and MEIERHENRY, Retired Justice, concur.