ZINTER, Justice (on reassignment).
[¶ 1.] Garry Rosen pleaded guilty to kidnapping. He later contended that his plea was involuntary, and he petitioned for habeas corpus relief. The habeas court concluded that Rosen’s plea was voluntary. We reverse because Rosen was never advised that by pleading guilty he would waive his right to trial by a jury, he would waive his right to compulsory process, and he would waive his right against self-incrimination. Additionally, Rosen was never asked whether he understood he would be waiving those rights.

Facts and Procedural History

[¶2.] Rosen was arraigned in November 2003 on three counts of kidnapping. He was advised of his constitutional rights. However, he was not advised that if he pleaded guilty, he would waive his Boykin rights: the right to trial by a jury, the right to compulsory process, and the right against self-incrimination. Rosen pleaded not guilty.
[¶ 3.] Rosen later entered into a plea agreement. In February 2004, a change of plea hearing was held before the sentencing court. Rosen was again advised of his constitutional rights. However, with respect to the waiver of his Boykin rights, Rosen was only advised (and stated he understood) that a guilty plea would waive his right to “a trial.” He was not advised or asked whether he understood that by pleading guilty he would waive his right to trial by a jury, his right to compulsory process, and his right against self-incrimination.[1] At that hearing, Rosen pleaded guilty to one count of kidnapping.
*765 [¶ 4.] A month later, Rosen filed a motion to withdraw his plea, alleging that he did not fully understand certain rights. Rosen indicated that he did not understand the State’s burden of proving the charges against him, the meaning of reasonable doubt, and his right against self-incrimination. The court further explained those and Rosen’s other constitutional rights. The explanation did not, however, include an advisement of or inquiry whether Rosen understood that a plea of guilty would waive his Boykin rights. At the conclusion of the hearing, Rosen indicated that he then understood the rights he previously misunderstood, and he withdrew his motion to withdraw his plea.
[¶ 5.] Rosen was sentenced two days later. Although there was no further advisement of rights at the sentencing hearing, the court gave Rosen an opportunity to withdraw his plea. Rosen indicated he wanted to proceed with sentencing. He was sentenced and did not file a direct appeal.
[¶ 6.] In August 2010, Rosen petitioned for a writ of habeas corpus. He contended that his plea was involuntary because the sentencing court failed to advise him that he would waive his Boykin rights by pleading guilty. Rosen also contended that the plea was involuntary because the sentencing court failed to determine whether Rosen understood he was waiving those rights. The habeas court denied relief but granted Rosen’s motion for a certificate of probable cause.

Decision

[¶ 7.] The question on appeal is whether Rosen’s plea was constitutionally invalid because the sentencing court failed to advise, and then determine whether Ro-sen understood, that he was waiving his Boykin rights by pleading guilty. The facts concerning the sentencing court’s advisement of rights and the Boykin canvassing are not in dispute. We review the habeas court’s conclusions of law de novo. Monette v. Weber, 2009 S.D. 77, ¶ 6, 771 N.W.2d 920, 923.
[¶8.] A criminal defendant entering a guilty plea waives three fundamental constitutional rights: the right against compulsory self-incrimination, the right to confront one’s accusers, and the right to a trial by a jury. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Therefore, “it is critical not only that a defendant be advised of his rights relating to self-incrimination, trial by jury, and confrontation, but also that the defendant intentionally relinquish or abandon known rights.” Monette, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 924 (citing Boykin, 395 U.S. at 243 n. 5, 89 S.Ct. at 1712 n. 5). Further, the “record must affirmatively show ... that the defendant explicitly waived ” those constitutional rights. Id. (second emphasis added); State v. Goodwin, 2004 S.D. 75, ¶ 23, 681 N.W.2d 847, 855 (requiring affirmative showing of explicit waiver). “We cannot presume a waiver of these three important federal rights from a silent record.” Monette, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 925.
*766 [¶ 9.] In this case, no court ever conducted the required Boykin canvassing. Therefore, Rosen was never advised, and he was never asked whether he understood, that by pleading guilty he was waiving his right to a trial by a jury, his right against self-incrimination, and his right to confrontation. Indeed, the habeas court recognized that Rosen was not canvassed regarding all three Boykin rights. The habeas court only found that “Rosen was advised ... that if he pled guilty, he would waive his right to a trial....”[2] Therefore, as we said in Monette, by accepting the change of plea without a Boykin canvassing, “[t]he sentencing court failed to make critical inquiries and determinations when the inquiries were most significant — when [the defendant] changed his not guilty plea to a plea of [guilty].” 2009 S.D. 77, ¶ 13, 771 N.W.2d at 925-26. And, despite being fully advised of his constitutional rights, the lack of a Boykin canvassing renders the plea unconstitutional.
The issue ... is not whether [the defendant’s] plea was knowing. [The defendant] had been fully advised of his constitutional rights.... Instead, the issue is whether a record, noticeably silent ... and thus no record of an effective waiver of federal constitutional rights, renders the plea unconstitutional. Boykin holds it does.
Id. ¶ 14.
[¶ 10.] The failure to canvass Rosen regarding a waiver of his Boykin rights invalidates his guilty plea even under our less intense standard of review in habeas corpus cases. In Monette, we stated that when there is no record showing that the sentencing court conducted a Boykin canvassing, the habeas court has no basis upon which it may find that the sentencing court obtained a voluntary and valid waiver of the defendant’s Boykin rights. “[A] habeas court [has] no basis on a silent record from the sentencing court to determine by a preponderance of the evidence that the plea was voluntary and was a waiver of constitutional rights when it was entered.” Id. ¶ 16. It is only when the sentencing court “canvass[es] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence” that the sentencing court “leaves a record adequate for any review.” Boykin, 395 U.S. at 244, 89 S.Ct. at 1712.
[¶ 11.] The habeas court concluded that the plea was voluntary considering the totality of the circumstances. The State and the dissent adopt this argument on appeal. The State contends that we should examine factors such as Rosen’s age, prior criminal record, whether he was represented by counsel, the existence of a plea agreement, and the time between the advisement of rights and the time of entering the plea. Under Monette, however, the totality of the circumstances analysis is inapplicable when the record reflects that no canvassing regarding a Boykin waiver ever took place. In the absence of a Boykin canvassing, a “critical step” is missing and the reviewing court does “not consider the additional factors under the totality of the circumstances analysis.” Monette, 2009 S.D. 77, ¶ 16, 771 N.W.2d at 926-27.
[¶ 12.] The dissent claims that the “record is not silent on this issue, as Rosen did waive his rights, including his Boykin rights.” See infra dissent ¶ 23. The record demonstrates that this claim is incorrect. The change of plea colloquy clearly shows that the sentencing court’s Boykin *767 waiver advisement and inquiry was limited to the right to “a trial.” See supra note 1. The dissent agrees. See infra dissent ¶ 21 (quoting the sentencing court’s waiver advisement, which only mentions the waiver of the right to “a trial”). Thus, the record is silent regarding a waiver of all three Boykin rights. Those rights were never discussed. See supra note 1.
[¶ 13.] The dissent also claims that the sentencing court made “explicit findings” that Rosen “made a voluntary waiver” and “[t]here is nothing indicating that the [sentencing] court’s findings of fact are clearly erroneous.” See infra dissent ¶ 23. The dissent’s cited finding, however, does not even mention a waiver of Rosen’s Boykin rights. See id. That is because a waiver of Rosen’s Boykin rights was never mentioned in any of Rosen’s appearances before the arraigning and sentencing courts. Because there was never any Boykin waiver advisement or canvassing, it is difficult to understand how the dissent can conclude that Rosen “made a voluntary and explicit waiver” of his Boykin rights. See id. Ultimately, one must ask how a pleading defendant could have knowingly and voluntarily waived his or her Boykin rights when that defendant was never advised that those rights would be waived by pleading guilty. And, unless there is a written Boykin waiver (which is not present in this case), how can the record explicitly show an affirmative waiver unless the court canvasses the defendant about the matter? Boykin’s requirements are not satisfied when the subject is never discussed.
[¶ 14.] Although the arraigning and the sentencing courts fully advised Rosen of his basic constitutional rights, those ad-visements were not sufficient to satisfy the waiver requirements of Boykin. In considering this issue in Monette, we acknowledged that prior to the change of plea, that judge had “fully advised [the defendant] of his constitutional rights.” 2009 S.D. 77, ¶ 7, 771 N.W.2d at 923. Nevertheless, we found the plea involuntary because “the sentencing court failed to inquire if Mon-ette waived his constitutional rights.” Id. ¶ 9. In this case, Rosen was never advised that if he pleaded guilty he would waive his right against self-incrimination, his right of confrontation, and his right to a trial by a jury. Further, the sentencing court never inquired whether Rosen understood that he would waive those rights by pleading guilty. Therefore, Boykin requires the relief granted in Monette, 2009 S.D. 77, ¶ 17, 771 N.W.2d at 927. This case is reversed and remanded to the ha-beas court with direction to void the plea and remand to the sentencing court for further proceedings in accordance with this decision and SDCL ch. 21-27.[3]
[¶ 15.] KONENKAMP and WILBUR, Justices, concur.
[¶ 16.] GILBERTSON, Chief Justice, and FOLEY, Circuit Court Judge, dissent.
[¶ 17.] FOLEY, Circuit Court Judge, sitting for SEVERSON, Justice, disqualified.

. The following is the entire colloquy regarding Rosen’s advisement of rights and the court’s canvassing regarding the waiver of his Boykin rights.
THE COURT: Mr. Rosen, I am going to go through rights that apply to you in these proceedings. First, you have the right to be represented by an attorney. You are presumed to be innocent until proven guilty. The state carries the burden of proving you guilty. They must do that beyond a reasonable doubt. You have the right to a trial to the court or trial by jury. If you have a trial to a jury, the verdict of the jury must be unanimous.
You have a right to remain silent, meaning the state can’t force you to testify and use that to prove the charges against you. You have a right to ask questions of witnesses who appear, to call any witnesses you wish to appear. And you have a right to have subpoenas issued to compel the appearance *765 of witnesses who would not voluntarily appear. Do you understand those rights?
ROSEN: Yes, I do.
THE COURT: The pleas available to you if you wish to have a trial — you may enter a plea of not guilty or not guilty by reason of insanity. If you wish to avoid a trial, you may enter a plea of guilty or guilty but mentally ill or under certain instances you may enter a plea of no contest. If you plead guilty or no contest, you would waive your rights to a trial and all that remains is to enter sentence.
Do you understand that?
ROSEN: Yes, I do.

. Although Rosen was advised he would "waive [his] rights to a trial,” he was not advised he would waive his right to a trial by a jury. Boykin specifically requires advisement of "the right to trial by jury.” 395 U.S. at 243, 89 S.Ct. at 1712.

. Rosen also argues that the sentencing court accepted his plea without an adequate factual basis. We do not address this argument because the plea is invalid under Boykin and Monette. The sentencing court should consider the factual basis issue on remand.