#26572-rev & rem-GAS

**2013 S.D. 79**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

    v.

JUSTIN SMITH,                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE WALLY EKLUND
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

MATT NAASZ
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                     and appellant.

JOHN R. MURPHY
Rapid City, South Dakota                    Attorney for defendant
                                     and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 27, 2013

OPINION FILED **11/13/13**

#26572

SEVERSON, Justice

[¶1.] Justin Smith was charged with driving under the influence of alcohol (DUI) in Pennington County, South Dakota, on August 13, 2012. A Part II Information alleged that Smith had two previous DUI convictions within the last ten years, one in 2011 (Lawrence County, South Dakota) and the other in 2009 (Douglas County, Nebraska). Smith moved to strike the 2011 conviction from the Part II Information, claiming his guilty plea was constitutionally infirm because he was not fully advised of the waiver effect of pleading guilty (a violation of *Boykin* rights). The Seventh Circuit Court (circuit court) agreed, granting Smith's motion to strike on November 28, 2012. The State of South Dakota petitioned this Court for an intermediate appeal, which we granted. We reverse the circuit court's order granting Smith's motion to strike and remand to the circuit court with the direction to include Smith's 2011 Lawrence County conviction in the Part II Information because Smith was fully advised of his *Boykin* rights during his 2011 conviction and intelligently and voluntarily waived those rights.

## Background

[¶2.] On the early morning of August 13, 2012, Justin Smith was arrested for DUI in Pennington County, South Dakota. Smith was arraigned on September 25, 2012, where an Information and a Part II Information, which enhanced the DUI charge to a third offense, were filed. Smith moved to strike his 2011 Lawrence County DUI conviction (2011 conviction) from the Part II Information but did not challenge the 2009 DUI conviction in Nebraska.

-1-

[¶3.] Smith claims the 2011 sentencing court never expressly advised him at the time his guilty plea was received that he would waive his right to a jury trial, right to confrontation, and right against self-incrimination. As a result, based on *Rosen v. Weber*, 2012 S.D. 15, 810 N.W.2d 763, Smith alleges that the 2011 conviction was invalid. Upon hearing Smith's motion to strike, the circuit court agreed, ordering on November 28, 2012, that the 2011 conviction be stricken from the Part II Information.

[¶4.] The State of South Dakota appeals, raising the issue of whether the circuit court erred in striking Smith's 2011 conviction.

## Standard of Review

[¶5.] Smith is not contending that he is innocent of the 2011 conviction; rather, he seeks to deprive that conviction of its normal force and effect for sentence-enhancement purposes. Smith's challenge, therefore, is a collateral attack of a predicate conviction, which is subject to a lesser scrutiny than a direct appeal:

> Upon a direct appeal from a conviction, the defendant must be given all presumptions and protections possible under our Constitution. However, when the proceeding before the court is in the nature of a collateral attack, as in a habeas corpus action or a challenge to the validity of predicate convictions, it becomes subject to less intense scrutiny upon review.

*State v. Jensen*, 2011 S.D. 32, ¶ 8, 800 N.W.2d 359, 363 (quoting *State v. Goodwin*, 2004 S.D. 75, ¶ 4, 681 N.W.2d 847, 849).

[¶6.] Further, our review of a collateral attack of a predicate conviction is limited to jurisdictional errors. *Monette v. Weber*, 2009 S.D. 77, ¶ 6, 771 N.W.2d 920, 923 (citing *Owens v. Russell*, 2007 S.D. 3, ¶ 6, 726 N.W.2d 610, 614-15). In criminal cases, violating "a defendant's constitutional rights constitutes a

jurisdictional error." *Id.* Also, the circuit court's "finding of facts shall not be disturbed unless they are clearly erroneous." *Id.* And we review the circuit court's conclusions of law de novo. *Id.*

[¶7.] Smith carried "the initial burden of placing the validity of the prior conviction in issue." *Jensen*, 2011 S.D. 32, ¶ 9, 800 N.W.2d at 363 (quoting *Stuck v. Leapley*, 473 N.W.2d 476, 478 (S.D. 1991)). Smith met his initial burden by raising the issue in his motion to strike. *Id.* The burden then shifted "to the State to prove 'the existence of a prior valid conviction by a preponderance of the evidence.'" *Id.* (quoting *Stuck*, 473 N.W.2d at 478-79). The State met its burden by providing the 2011 judgment of conviction, which "appears on its face to be a valid judgment." *Id.* (quoting *State v. Moeller*, 511 N.W.2d 803, 809 (S.D. 1994)). Therefore, "the presumption of regularity arises and the burden shifts to [Smith] to [prove his] prior conviction is invalid" by a preponderance of the evidence. *Id.*; *Monette*, 2009 S.D. 77, ¶ 6, 771 N.W.2d at 923 (citation omitted).

## Analysis

[¶8.] This Court has long scrutinized the giving and receiving of guilty pleas, which is appropriate because "a plea of guilty is more than an admission of conduct; it is a conviction." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274. By pleading guilty, a defendant waives three fundamental constitutional rights: the right against compulsory self-incrimination, the right to a trial by a jury, and the right to confront one's accusers. *Id.* at 243. "Therefore, it is critical not only that a defendant be advised of his rights relating to self-incrimination, trial by jury, and confrontation, but also that the defendant

intentionally relinquish or abandon known rights." *Monette*, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 924 (quoting *Boykin*, 395 U.S. at 243 n.5, 89 S. Ct. at 1712 n.5).[1]  Failing "to canvass [a defendant] regarding a waiver of his [or her] *Boykin* rights invalidates [the] guilty plea even under our less intense" collateral attack standard of review.  *Rosen*, 2012 S.D. 15, ¶ 10, 810 N.W.2d at 766.  "We cannot presume a waiver of these three important federal rights from a silent record." *Id.* ¶ 8 (quoting *Monette*, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 925).  Thus, the issue of whether the circuit court erred in striking Smith's 2011 conviction rests on whether the record "affirmatively show[s] [that the 2011 Lawrence County DUI guilty] plea was voluntary, that the defendant understood the consequences of pleading guilty, and

---

1.    SDCL 23A-7-4 provides statutory guidance as to the responsibilities of the trial court before it may accept a plea of guilty or nolo contendere:

> Before accepting a plea of guilty or nolo contendere a court must address the defendant personally in open court, subject to the exception stated in § 23A-7-5, and inform him of, and determine that he understands, the following:
>
> . . . .
>
> (4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself . . . .

SDCL 23A-7-4 "is a safeguard 'designed to assist the courts with the constitutionally-required determination that a defendant's guilty plea is voluntary and knowing, and to produce a complete record' of that determination." *Jensen*, 2011 S.D. 32, ¶ 11, 800 N.W.2d at 364 (quoting *State v. Miller*, 2006 S.D. 54, ¶ 17, 717 N.W.2d 614, 620).  *See Miller*, 2006 S.D. 54, ¶ 17, 717 N.W.2d at 620; *Monette*, 2009 S.D. 77, ¶ 11 n.1, 771 N.W.2d at 925 n.1; *McCarthy v. United States*, 394 U.S. 459, 465, 89 S. Ct. 1166, 1170, 22 L. Ed. 2d 418 (1969).

that the defendant explicitly waived the constitutional right against compulsory self incrimination, the right to trial by jury, and the right to confront one's accusers."
*Monette*, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 925 (quoting *Goodwin*, 2004 S.D. 75, ¶ 23, 681 N.W.2d at 855 (Konenkamp, J., concurring specially)).

[¶9.]     The record indicates that on July 28, 2010, Smith made his first appearance in Lawrence County Magistrate Court.[2]  During that initial appearance, Smith was advised of his constitutional rights (including *Boykin* rights) and the effects of pleading guilty.[3]  Smith was asked if he understood those rights,

---

2.    Smith's 2011 Lawrence County conviction proceedings took place in 2010, but the judgment of conviction and sentence was entered in 2011, thus it is referred to as the "2011 conviction."

3.    Specifically, the sentencing court began each session with an introduction and the following litany:

> You are entitled to defend yourself, or you may have a lawyer represent you at any and all stages of these proceedings.  So when your name is called forward, if you'd like to have a chance to talk to a lawyer please tell me that, and I'll just give you a new court date to come back.
>
> If you want a lawyer but you know you're not able to afford to hire one at this point, please tell me that and I'll have you fill out an application for a court-appointed lawyer.  If you qualify based upon your income, I could then appoint a lawyer to represent you at the expense of Lawrence County.  Lawrence County will then pay for your lawyer fees up front, so you can get one today.  You'll have to repay the amount, so it's not free, but it gets you a lawyer when you need one.
>
> *You have the right to a speedy, impartial, and public jury trial in this county; or you could request a trial to the Court, which is a trial to a judge.  If you request a jury trial, though, the verdict must be unanimous.  All 12 jurors must agree that you are guilty before you could be found guilty.*

(continued . . .)

to which he responded affirmatively.  On August 18, 2010, Smith was arraigned. Smith, represented by counsel, again was advised of his constitutional rights and the effects of pleading guilty.[4]  Smith's counsel pled not guilty on Smith's behalf.

_____

(. . . continued)

> You are presumed innocent until proven guilty beyond a reasonable doubt.  You have the right to rely upon the fact that the Prosecution carries that burden of proof.  You do not have to present any evidence, and you do not have to testify.
>
> *You have the right to remain silent.  You have the right to confront and cross-examine witnesses that might be called by the State to give evidence against you.  And you have the right to call witnesses to testify for you.  To make sure those witnesses showed up to testify, the Court would subpoena them for you.*
>
> If you're charged with a Class 1 misdemeanor or a felony, you have the right to have a preliminary hearing on your case.  At that hearing, the Prosecution would present the facts of your case to a judge who would decide whether there is probable cause to believe a crime has been committed and probable cause to believe that you're the person that committed the crime.  If probable cause is found, you'd be charged formally with the crime.  I would then have you come to court and enter a plea to those charges.
>
> *At that time, the pleas available to you: If you wish to have a trial, you'd plead not guilty. If you wish to avoid a trial, you may plead guilty. But once you plead guilty, you give up all the rights I just read. The only thing left for the Court to do once you have pled guilty is to sentence you.* But you do have a right to a delay in sentencing of 48 hours, if you choose, or you could give up that right and be sentenced on the day you plead guilty or are found guilty.
> . . . .

(Emphasis added.)

The sentencing court then addressed the possible maximum penalties.

4.    The same litany as included in footnote 3 was read, with only minor, immaterial deviations.

[¶10.]  On September 27, 2010, Smith appeared in court for a change of plea.

Smith was again advised of his constitutional rights and the effects of pleading

guilty.[5] The record indicates that Smith was told, among other things, that:

> You have the right to a speedy, impartial, and public jury trial
> in this county . . . . You have the right to remain silent.  You
> have the right to confront and cross-examine witnesses that
> might be called by the State to give evidence against you.  And
> you have the right to call witnesses to testify for you. . . . If you
> wish to avoid a trial, you may plead guilty.  But by pleading
> guilty, you give up all the rights I just read. . . .

After Smith's constitutional rights were read, the dialogue went as follows:

| | |
|---|---|
| **Court:** | Did you understand your rights this morning? |
| **Smith:** | Yes, ma'am. |
| **Court:** | All right.  What are we doing today, Mr. Kinney? |
| **Defense:** | Your Honor, this is a change of plea.  We're delaying sentencing 'til November 15 for him to complete treatment. |
| **Court:** | All right. |
| **Defense:** | He will be admitting to the Part II Information on the DUI charge.  State will dismiss all other charges. |
| **Court:** | All right.  Sir, have there been any threats or promises made to get you to enter a plea today? |
| **Smith:** | No, ma'am. |
| **Court:** | Do you understand by pleading guilty you give up all the rights I read to you? |
| **Smith:** | Yes, ma'am. |
| **Court:** | And again, did you understand those rights? |
| **Smith:** | Yes. |
| **Court:** | To the charge in the Indictment, sir, Count 1, driving or physical control of a motor vehicle while you had .08 percent or more by weight of alcohol in your blood, what is your plea? |
| **Smith:** | Guilty. |

---

5.  The same litany as included in footnote 3 was read, with only minor, immaterial deviations.

[¶11.] The judgment of conviction and sentence was entered on January 31, 2011. In which, the sentencing court certified that Smith was advised of all constitutional and statutory rights, including but not limited to: "The right not to be compelled in any criminal case to be a witness against himself. . . . The right to a speedy and public trial by an impartial jury in Lawrence County, South Dakota. . . . The right to confront and cross-examine the witnesses against him/her. . . ."

[¶12.] The circuit court concluded, upon review of the record, that Smith was not advised of the waiver effect of pleading guilty. We disagree. We have long stated that in advising defendants of their rights, the sentencing court is not required to recite a specific formula by rote or "spell[ ] out every detail[.]" *Monette*, 2009 S.D. 77, ¶ 11, 771 N.W.2d at 925 (quoting *Nachtigall v. Erickson*, 178 N.W.2d 198, 201 (S.D. 1970)). Here, Smith was advised of his *Boykin* rights numerous times including "when the inquiries were most significant"—when Smith changed his plea to guilty. *Rosen*, 2012 S.D. 15, ¶ 9, 810 N.W.2d at 766 (quoting *Monette*, 2009 S.D. 77, ¶ 13, 771 N.W.2d at 925-26).

[¶13.] At the change of plea hearing, the sentencing court asked Smith if he understood those rights that were just read to him, which included *Boykin* rights. Smith, with counsel at his side, replied affirmatively. Then, the sentencing court asked Smith whether he "understand[s] that by pleading guilty you give up all the rights I read to you?" Smith, now hearing the effect of waiver for the second time in that proceeding, replied affirmatively.[6] And the court asked again, "did you

---

6. It was the fourth time Smith heard the warning if you include the initial hearing and arraignment (through counsel).

understand those rights," to which Smith replied affirmatively. Smith explicitly waived his *Boykin* rights by telling the sentencing court that he understood by pleading guilty he gave up the rights read to him, followed by pleading guilty.

[¶14.] The circuit court also concluded that "at no time during the change of plea hearing was Defendant Smith *specifically* advised that if he pled guilty, he would be giving up his rights to a jury trial, confrontation and silence." (Emphasis added.) However, "[s]pecific articulation of the *Boykin* rights by the trial judge is not an indispensable requisite for the record to establish a valid plea."[7] *Moeller*, 511 N.W.2d at 810 (citations omitted). Nor is there a "requirement that the record show an express enumeration by the court nor an express waiver by the defendant . . . as a condition precedent to a voluntary and intelligent guilty plea." *Id.* (citing *Quist v. Leapley*, 486 N.W.2d 265, 267 (S.D. 1992)); *Logan v. Solem*, 406 N.W.2d 714, 717 (S.D. 1987) ("*Boykin* is devoid of any language stating that valid waiver requires the defendant be specifically told each of those rights he is waiving and then expressly waive each right for the record."). Instead, "'the record *in some manner* must show the defendant entered his plea understandingly and voluntarily.'" *Monette*, 2009 S.D. 77, ¶ 11, 771 N.W.2d at 925 (emphasis in original)

---

7. It is unreasonable to expect a trial court to explain the defendant's rights with the same fervor to one charged with disorderly conduct, as the court would to a defendant facing a murder charge. In point of fact, where jail is not imposed upon a defendant on a misdemeanor charge, he is not, constitutionally, entitled to counsel.

   *Moeller*, 511 N.W.2d at 809 (citing *Scott v. Illinois,* 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979) (citations omitted)).

(quoting *Quist*, 486 N.W.2d at 267). *See Jensen*, 2011 S.D. 32, ¶ 16, 800 N.W.2d at 366; *State v. Apple*, 2008 S.D. 120, ¶ 10, 759 N.W.2d 283, 287; *State v. Beckley*, 2007 S.D. 122, ¶ 10, 742 N.W.2d 841, 844; *Moeller*, 511 N.W.2d at 810. Upon review, the record shows that an appropriate canvassing took place and that Smith entered his plea understandingly.

[¶15.]     We now consider whether the record *in some manner* shows that Smith entered his plea voluntarily. We consider the totality of the circumstances to determine whether Smith's plea was voluntary. *Apple*, 2008 S.D. 120, ¶ 14, 759 N.W.2d at 288 (citing *Goodwin*, 2004 S.D. 75, ¶ 11, 681 N.W.2d at 852). *See Rosen*, 2012 S.D. 15, ¶ 11, 810 N.W.2d at 766 (citing *Monette*, 2009 S.D. 77, ¶ 16, 771 N.W.2d at 926-27). When considering the totality of the circumstances, in addition to the in-court colloquy and procedures already reviewed, we look at other factors, such as: the defendant's age; prior criminal record; whether represented by counsel; whether a plea agreement was in place; and the time between the advisement of rights and the guilty plea. *Monette*, 2009 S.D. 77, ¶ 12, 771 N.W.2d at 925 (quoting *Apple*, 2008 S.D. 120, ¶ 14, 759 N.W.2d at 288).

[¶16.]     The record shows that Smith was 34 years old at the time of his guilty plea and he was familiar with the criminal justice system as he was previously convicted of a DUI in Nebraska. Further, Smith was represented by counsel with a plea agreement in place. Also, there was very little time between Smith being advised of his constitutional rights, including *Boykin* rights, and the guilty plea. Lastly, the sentencing court asked Smith if any threats had been made to make him plead guilty, to which he replied negatively. Given the totality of the circumstances,

the sentencing court in its judgment of conviction determined that Smith's plea was "voluntary, knowing and intelligent; that the Defendant understood the nature and consequences of the plea at the time said plea was entered and that the Defendant was represented by competent counsel; and that a factual basis existed for the plea."[8] Upon review, we agree.

[¶17.]     The circuit court concluded that *Rosen* mandates that Smith's 2011 conviction be stricken from the Part II Information. We disagree. During Rosen's change of plea, he was advised of his constitutional rights. *Rosen*, 2012 S.D. 15, ¶ 3, 810 N.W.2d at 764. But, Rosen was only advised (and stated he understood) that a guilty plea would waive his right to "*a trial.*" *Id.* We reversed the habeas court's conclusion that Rosen's plea was voluntary because Rosen was only advised that if he pled guilty, he would waive his right to "*a trial.*" *Id.* ¶ 9. Rosen was not advised that if he pled guilty he would waive more than that—his right against self-incrimination, his right of confrontation, and his right to a trial by a jury. *Id.*

[¶18.]     Smith's circumstances are distinguishable. Smith was advised during the sentencing court's reading of rights, which included *Boykin* rights, that "by pleading guilty, you give up *all the rights I just read.*" Then again, while being

---

8.     Although the judgment of conviction was issued several months after the plea, it does reflect the sentencing court's perspective at the time of the plea. This Court, or a reviewing circuit court "acting in [an] appellate function on the cold and indeed ancient record before us, cannot presume greater insight into the defendant's 'understanding of his rights, his waiver of counsel, and his plea of guilty than that of the other courts that have considered this case.'" *Moeller*, 511 N.W.2d at 808 (quoting *Boyd v. Dutton*, 405 U.S. 1, 4, 92 S. Ct. 759, 761, 30 L. Ed. 2d 755 (1972) (White, J., dissenting)).

specifically addressed, Smith was asked: "Do you understand by pleading guilty you *give up all the rights I read to you?*" Unlike Rosen, Smith's advisement of waiving "*all the rights I just read to you*" included the right against self-incrimination, the right of confrontation, and the right to a trial by a jury.

[¶19.] Also, Smith argues that the sentencing court made an inaccurate statement of law and fact by saying, "once you plead guilty, you give up all the rights I read to you." Smith states, for example, that by pleading guilty he would not be waiving his right to counsel. The test, however, is whether the record *in some manner* shows that Smith entered his plea understandingly and voluntarily. Nowhere does the record indicate that Smith was confused about his rights or the waiver effect of pleading guilty. Also, nowhere does the record indicate that Smith was confused about which rights he was waiving. Instead, the record indicates that Smith replied he understood his rights and the effect of waiving them. Smith, then, has not met his burden of proving that the guilty plea was invalid based on the sentencing court's use of the phrase, "all the rights I read to you."

## Conclusion

[¶20.] The record affirmatively shows that Smith's plea from the 2011 conviction was voluntary, that Smith understood the consequences of pleading guilty, and that Smith explicitly waived his constitutional right against compulsory self-incrimination, right to a trial by a jury, and right to confront his accusers. Smith did not meet his burden of proving otherwise. The circuit court erred when it struck Smith's 2011 conviction from the Part II Information. We reverse the circuit court's order granting Smith's motion to strike and remand to the circuit court with

#26572

the direction to include Smith's 2011 Lawrence County conviction in the Part II Information.

[¶21.]    KONENKAMP, ZINTER, and WILBUR, Justices, concur.

[¶22.]    GILBERTSON, Chief Justice, concurs in result.


GILBERTSON, Chief Justice (concurring in result).

[¶23.]    I join in the Court's reversal of the decision of the circuit court. However, I cannot join in any references to *Rosen v. Weber*, 2012 S.D. 15, 810 N.W.2d 763, as controlling authority in this matter. As I dissented in *Rosen*, I would not follow it herein. For this reason, I concur in result only.