ZINTER, Justice.
[¶ 1.] In 2012, Wayne Bilben was charged with driving under the influence of alcohol. A part II information alleged that he had three prior DUI convictions within the last ten years (in 2003, 2004, and 2007). Bilben moved to strike the prior convictions. He claimed that he pleaded guilty to the prior DUI charges without adequate Boykin advisements, rendering the prior convictions invalid. The circuit court denied his motion. On appeal, Bilben withdraws his challenge to his 2004 conviction, but continues to challenge the validity of his 2003 and 2007 convictions. We affirm in part, reverse in part, and remand for resentencing.

Facts and Procedural History

[¶ 2.] In 2003, Bilben was charged with DUI. At a change-of-plea hearing, the court simultaneously advised all defendants present of their rights, including their Boykin rights: their right to a jury trial, their right to confront their accusers, and their privilege against compulsory self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The court then advised that a guilty plea would “give up [their] right to a jury trial and all rights that accompany a jury trial.” The court also canvassed Bilben individually to ensure that he understood those rights.
Court: All right. [Defense Counsel], have you discussed with your client his statutory and constitutional rights and maximum penalties?
Defense Counsel: I have, your Honor. And I understand he was present today, and he heard them before. And I believe he understands them; is that correct?
Bilben: Yes.
Court: Mr. Bilben, you understand your rights?
Bilben: Yes.
Court: You’ve been in court at least on two occasions when your rights have been given to you.
Bilben: Yes.
*338 Court: Do you understand your rights?
Bilben: Yes, sir.
Court: Okay. Have there been any threats or promises made to you, other than this plea agreement that’s been discussed in court, to get you to enter a plea of guilty to this charge.
Bilben: No, sir.
Bilben then pleaded guilty to the 2003 DUI charge.
[¶ 3.] In 2006, Bilben was charged with another DUI. At his plea hearing, he was advised by that court of his rights, including his Boykin rights. However, Bilben was not advised that a guilty plea would waive his Boykin rights.[1] He pleaded guilty, and his conviction was entered in 2007.
[¶ 4.] In 2013, Bilben was charged with the DUI that precipitated this appeal. Before trial, Bilben moved to strike his 2003 and 2007 convictions from the part II information. He claimed that his 2003 and 2007 convictions were constitutionally invalid because he pleaded to each charge ■without an adequate Boykin advisement. The circuit court denied the motion. Following a court trial, Bilben was convicted of the 2013 DUI charge, and the court imposed an enhanced sentence based on the prior convictions. Bilben appeals.[2]

Decision

[¶ 5.] Boykin requires that before a defendant pleads guilty, he “be advised of his [federal constitutional] rights relating to self-incrimination, trial by jury, and confrontation,” and “that [he] intentionally relinquish or abandon known rights.” State v. Smith, 2013 S.D. 79, ¶ 8, 840 N.W.2d 117, 120 (quoting Monette v. Weber, 2009 S.D. 77, ¶ 10, 771 N.W.2d 920, 924 (citing Boykin, 395 U.S. at 243 n. 5, 89 S.Ct. at 1712 n. 5)). Bilben argues that the 2003 and 2007 courts failed to adequately advise him that if he pleaded guilty, he would waive his Boykin rights. Therefore, Bilben contends that his prior convictions were constitutionally invalid and his 2013 case should be remanded for resentencing without consideration of the 2003 and 2007 convictions.
[¶ 6.] Regarding the 2003 conviction, Bilben claims that the court only advised him that a guilty plea would waive his right to a jury trial. Bilben contends he was not advised that he would also waive his privilege against self-mcrimination and his right to confront his accusers. We disagree.
[¶ 7.] Shortly after fully advising Bil-ben of all three Boykin rights, the 2003 court advised Bilben that by pleading guilty, he would “give up [his] right to a jury trial and all rights that accompany a jury trial.” (Emphasis added.) Bilben’s right against compulsory self-incrimination and right of confrontation are rights that accompanied his right to a jury trial. Therefore, Bilben was advised that by pleading guilty, he would waive all three Boykin rights. Indeed, we recently upheld a similar general waiver advisement that referenced previously enumerated Boykin rights. See Smith, 2013 S.D. 79, ¶ 18, 840 N.W.2d at 124 (approving a general waiver advisement indicating that “by *339 pleading guilty, you give up all the rights I just read”).
[¶ 8.] Bilben, however, argues that Rosen v. Weber, 2012 S.D. 15, 810 N.W.2d 763, requires the court to specifically ask “whether [a defendant] kn[ows] he [is] waiving [the three Boykin ] rights” by pleading guilty. Rosen does not demand that type of specific questioning. Bilben takes phrases of Rosen out of context and overlooks long-standing precedent rejecting such formulaic Boykin advisements.
[¶ 9.] In Rosen, the plea-taking court only advised the defendant that by pleading guilty, he would waive his “rights to a trial[.]” See id. ¶ 3 n. 1. Further, the plea-taking court in Rosen, unlike the plea-taking court in Smith, did not advise that a guilty plea would waive previously enumerated rights. Thus, we noted that there could be no “effective waiver of federal constitutional rights,” as “one must ask how a pleading defendant could have knowingly and voluntarily waived [all] Boykin rights when that defendant was never advised that those rights would be waived by pleading guilty.” Id. ¶¶ 9, 13 (citation omitted).
[¶ 10.] Unlike the defendant in Rosen, Bilben was advised that a guilty plea would waive all previously enumerated rights associated with a trial, which included all three Boykin rights. Therefore, by his guilty plea, Bilben made a knowing decision to waive his Boykin rights.
[¶ 11.] Bilben’s argument fails to recognize that “Boykin ‘does not require the recitation of a formula by rote or the spelling out of every detail by the trial court[.]’ ” Monette, 2009 S.D. 77, ¶ 11, 771 N.W.2d at 925 (quoting Nachtigall v. Erickson, 85 S.D. 122, 128, 178 N.W.2d 198, 201 (1970)). Instead, on review, if the record reflects that a Boykin canvassing occurred, we require only that “the record in some manner shows the defendant entered his plea understandingly and voluntarily.” See Quist v. Leapley, 486 N.W.2d 265, 267 (S.D.1992) (quoting Logan v. Solem, 406 N.W.2d 714, 717 (S.D.1987)); see also Monette, 2009 S.D. 77, ¶ 11, 771 N.W.2d at 925.
[¶ 12.] Here, the record reflects that the 2003 court fully advised Bilben of his Boykin rights. The court then gave him a general waiver advisement, similar to the one approved in Smith. And significantly, Bilben makes no claim that, under the totality of the circumstances, his plea was unknowing or involuntary. Therefore, the circuit court did not err in denying Bil-ben’s motion to strike his 2003 conviction.
[¶ 13.] Unlike the 2003 record, the 2007 record does not reflect that Bil-ben was advised that a guilty plea would waive his Boykin rights. The record indicates that the 2007 court failed to give any waiver advisement. “Failing ‘to canvass [a defendant] regarding a waiver of his [or her] Boykin rights invalidates [the] guilty plea even under our less intense’ collateral attack standard of review.” Smith, 2013 S.D. 79, ¶ 8, 840 N.W.2d at 120 (alterations in original) (quoting Rosen, 2012 S.D. 15, ¶ 10, 810 N.W.2d at 766).
[¶ 14.] The State, however, contends that the 2007 advisement was sufficient under the totality of the circumstances. We disagree. “In the [complete] absence of a Boykin canvassing, a ‘critical step’ is missing and the reviewing court does ‘not consider the additional factors under the totality of the circumstances analysis.’ ” Rosen, 2012 S.D. 15, ¶ 11, 810 N.W.2d at 766 (quoting Monette, 2009 S.D. 77, ¶ 16, 771 N.W.2d at 926-27). Because there was a complete absence of any Boy-kin waiver advisement in the 2007 case, we do not apply the totality-of-the-circumstances analysis.
[¶ 15.] The State also contends that under State v. Jensen, 2011 S.D. 32, *340 800 N.W.2d 859, Bilben is not entitled to relief unless he can show that he was prejudiced by the 2007 court’s failure to advise him that he would waive his Boykin rights by entering a guilty plea. Jensen does not require a showing of prejudice for Boykin violations.
[¶ 16.] In Jensen, the defendant contended that his guilty plea was invalid on two grounds: a statutory violation of SDCL chapter 28A-7 requiring certain ad-visements and a constitutional violation for failing to provide a Boykin advisement. See id. ¶¶ 10, 13. The State’s prejudice argument comes from Jensen’s discussion of statutory violations of chapter 23A-7. In Jensen, we explained that “[t]he United States Constitution does not mandate that courts follow the procedure embodied in chapter 23A-7.” Id. ¶ 11 (citation omitted). Therefore, “[b]ecause failure to follow the [chapter 23A-7] procedure is not a constitutional defect, a collateral attack on a predicate conviction on that basis is only proper for our consideration if a defendant can demonstrate prejudice.” Id. (citation omitted). But Jensen did not extend the prejudice requirement to constitutional defects based on Boykin. See id. ¶¶ 13-16.
[¶ 17.] Because Bilben established a constitutional defect based on Boykin, Bil-ben was not required to make a showing of prejudice. See id.; see also Smith, 2013 S.D. 79, 840 N.W.2d 117 (discussing collateral attack of prior conviction based on a claimed Boykin violation, without requiring a showing of prejudice). And because the lack of “an effective waiver of [Boy-kin ] rights[ ] renders the plea unconstitutional[,]” the circuit court erred in denying Bilben’s motion to strike his 2007 conviction. See Monette, 2009 S.D. 77, ¶ 14, 771 N.W.2d at 926 (citing Boykin, 395 U.S. at 243, 89 S.Ct. at 1712).
[¶ 18.] The dissent presents thought-provoking arguments for reexamining the statutory and constitutional underpinnings that govern collateral attacks on predicate convictions used for sentencing enhancement. Although the United States Supreme Court and some states have adopted the dissent’s argument, we must wait for another day to consider the matter. The dissent’s argument was neither presented below nor briefed on appeal. Therefore, it would be imprudent for us to consider it sua sponte. Bypassing the adversarial process today could result in just as significant an oversight as the dissent argues occurred in State v. King, 383 N.W.2d 854 (S.D.1986), and our cases since Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).
[¶ 19.] The dissent also presents a compelling argument that our case law, addressing alleged Boykin violations, has incorrectly strayed from a totality-of-the-circumstances analysis toward the two-step approach applied in Rosen and Monette. See Rosen, 2012 S.D. 15, ¶ 11, 810 N.W.2d at 766; Monette, 2009 S.D. 77, ¶ 16, 771 N.W.2d at 926-27. But again, we must wait for another day to address this matter. Although the State mentions the totality of the circumstances as a basis to uphold Bilben’s 2007 conviction, the State has not asked us to reconsider our case law declining to apply totality analysis when no waiver advisement has been given. Consequently, we adhere to our precedent today, awaiting a proper case in which we can also consider the arguments against the positions argued by the dissent.
[¶ 20.] Affirmed in part, reversed in part, and remanded for resentencing without consideration of the 2007 conviction.
[¶ 21.] KONENKAMP and WILBUR, Justices, concur.
[¶ 22.] GILBERTSON, Chief Justice, and SEVERSON, Justice, dissent.

. With respect to the consequences of pleading guilty, the court only advised: "So you are going to get rid of the charge simply by pleading to it and let me decide what happens after listening to the [S]tate and you and [Defense Counsel] tell me what you respectively think.”

. Because the facts concerning Bilben's 2003 and 2007 Boykin advisements are not in dispute, we only review the circuit court's conclusions of law. We review conclusions of law de novo. Rosen v. Weber, 2012 S.D. 15, ¶ 7, 810 N.W.2d 763, 765 (citation omitted).